JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN GARRAMUNO

**DEFENDANTS**
PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY TRANS-HUDSON CORP., ABC CORP. 1-10 (fictitious entities, real names unknown)

(b) County of Residence of First Listed Plaintiff: HUDSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: NEW YORK
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
GIOVANNI ANZALONE, ESQ., WILENTZ, GOLDMAN & SPITZER PA
90 WOODBRIDGE CENTER DRIVE, SUITE 900, BOX 10
WOODBRIDGE, NEW JERSEY 07095

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | [X] 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
45 U.S.C.A. § 51 and 28 U.S.C. § 1357
Brief description of cause: Plaintiff injured during the course of employment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/01/22
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
(732) 636-8000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------X
JOHN GARRAMUNO,                :
                               :
          Plaintiff,           :
                               :    Civil Action
v.                             :
                               :    **COMPLAINT, JURY**
PORT AUTHORITY OF NEW YORK     :    **DEMAND AND**
AND NEW JERSEY, PORT           :    **DESIGNATION OF TRIAL**
AUTHORITY TRANS-HUDSON CORP.   :    **COUNSEL**
and  ABC CORP. 1-10            :
(fictitious entities, real     :
names unknown),                :
                               :
          Defendants.          :
                               :
------------------------------X

     Plaintiff, John Garramuno, residing in Union City, County of Hudson, New Jersey, by his attorney, Giovanni Anzalone, Esq., of Wilentz, Goldman & Spitzer, 90 Woodbridge Center Drive, Suite 900, Woodbridge, New Jersey 07095, by way of Complaint against defendant(s) says:

#13364659.1

## JURISDICTION AND VENUE

This Court has jurisdiction and venue of this action pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 and 28 U.S.C. § 1357.

## FIRST COUNT

1. That at all relevant times, the defendant, Port Authority of New York and New Jersey (hereinafter "Port Authority) was and has been a corporation organized under the provisions of N.J.S.A. 27:25-1 et. seq. and/or has conducted railroad operations in interstate commerce and within the State of New Jersey.

2. That at all relevant times, the rights and obligations of the plaintiff and the defendants for work connected injury, illness, or disease have been governed by the provisions of the Federal Employers' Liability Act.  45 U.S.C.A. 51, et. seq.

3. That on September 11, 2019, plaintiff, John Garramuno, was in the course of his employment with defendant, Port Authority of New York and New Jersey as a car inspector for defendant Port Authority Trans-Hudson Corp. in Jersey City, Hudson County, in the course of performing his duties at the defendants' Harrison Car Facility, under conditions known to

-2-

#13364659.1

defendants, when he was caused to be severely and permanently injured while attempting to remove pipe and house fittings from a tappet (from a train car) wherein said fittings had been improperly affixed and/or cross threaded by employees, agents, servants and/or representatives of defendants due to improper supervision, inspection, equipment and safety apparatus, thereby creating an unsafe work environment that resulted in the above-referenced incident and injury to plaintiff.

   4. That at said time and place, the defendant, Port Authority and/or defendant Port Authority Trans-Hudson Corp., and/or defendants ABC Corp. 1-10, owned, operated, managed or controlled the premises and equipment in question and negligently failed to provide a reasonably safe place for the plaintiff to perform his work, and failed to provide safe and adequate equipment and safety precautions for plaintiff to perform his job.

   5. Plaintiff alleges that said accident arose due to hazardous conditions negligently maintained, about which defendants, their agents, servants or employees had due and timely notice and knowledge, or which would have been revealed by reasonable maintenance and inspections of the said condition.

   6. As a direct and proximate result of the aforesaid negligence of the defendants, Port Authority of New York and New

-3-

Jersey, Port Authority Trans-Hudson Corp. and/or ABC Corp. 1-10, the plaintiff, John Garramuno, was caused to sustain severe and painful personal injuries requiring surgery, pain and suffering, loss of wages or income, was compelled to expend sums of money for medical care and attention and will in the future be so compelled and/or was rendered permanently disabled.

WHEREFORE, plaintiff, John Garramuno, demands judgment for damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and cost of suit.

## SECOND COUNT

1. Plaintiff repeats the allegations set forth in the First Count of this Complaint as if fully set forth herein.

2. At the above-referenced place, date and time, the defendants, ABC Corp. 1-10, or any of them, owned, operated and maintained the property and equipment in question.

3. Plaintiff alleges that said accident arose due to hazardous conditions negligently maintained, and/or an unsafe work environment about which defendants, their agents, servants or employees had due and timely notice and knowledge, or which would have been revealed by reasonable maintenance and inspections of the said condition(s).

-4-

#13364659.1

4. As a direct and proximate cause of the aforesaid negligence of the defendants, ABC Corp. 1-10, or any of them, the plaintiff, John Garramuno, was caused to sustain severe and painful personal injuries requiring surgery, pain and suffering, loss of wages or income, was compelled to expend sums of money for medical care and attention and will in the future be so compelled and/or was rendered permanently disabled.

WHEREFORE, plaintiff, John Garramuno, demands judgment for damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and cost of suit.

WILENTZ, GOLDMAN & SPITZER
A Professional Association
Attorneys for Plaintiff
By: _____
GIOVANNI ANZALONE

Dated: September 2, 2022

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

#13364659.1

## CERTIFICATION

This matter is not the subject of any other litigation or arbitration proceeding. Further, Plaintiff's counsel is not presently aware of the identity of any other individuals who should be joined as parties to this action.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Plaintiff hereby designates Giovanni Anzalone, Esq. as trial counsel in the within matter.

GIOVANNI ANZALONE

Dated: September 2, 2022

#13364659.1